On Rehearing
Pursuant to the order of this court on remand from the Supreme Court of Alabama directing that the proceedings involving the guilty plea in both the burglary charge and also the charge of felony possession of a pistol be transcribed and sent to this court, together with the proceedings from the sentencing hearing, the Circuit Court has filed its transcript containing the aforesaid proceedings.
This record contains a full Boykin v. Alabama colloquy, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), showing that the appellant desired to enter a plea of guilty to each of the charges. The record reveals the following: (R. 3 and 4)
“THE COURT: You understand what the charges are in these cases? One of them is the case of burglary and one is felonious possession of a pistol. You can have a trial, as you know, on each of these cases if you wish, but you have the right to enter a plea of guilty if you and your attorney think it’s to your best interest to do so. You have all of these rights that are set out in this request to enter the plea of guilty. Did you sign these documents that are entitled ‘A Request to Enter a Plea of Guilty'?
“DEFENDANT: Yes, sir.
“THE COURT: Did you understand them?
“DEFENDANT: Yes, sir.
“THE COURT: Do you have any questions about them?
“DEFENDANT: No, sir.
“THE COURT: Are you guilty of the burglary in the third degree case or not guilty?
“DEFENDANT: Guilty.
“THE COURT: Are you guilty or not guilty of the felonious possession of a pistol?
“DEFENDANT: Guilty.
“THE COURT: All right.
“MR. SLATE: If it please the Court, on the burglary case he is guilty, as his *887 lawyer knows, of aiding and abetting, waiting in the car, lookout, and so forth.
“THE COURT: How old are you?
“DEFENDANT: Twenty-one.
“MR. SLATE: You were twenty years old when this charge was made?
“DEFENDANT: Yes, sir.”
The record further indicates that the District Attorney’s office made its recommendation that the appellant be sentenced to two years for felony possession of a pistol and ten years to the third degree burglary charge with the sentences to run concurrently. The trial court noted the following: (R. 5-6)
“THE COURT: What is your recommendation?
“MR. MADISON: Judge, we recommend that on the case charging the defendant with a felony possession of a pistol, that he be sentenced to the penitentiary for a period of two years. On the case charging burglary in the third degree, that he be sentenced to the penitentiary for a period of ten years, with both cases to run concurrently.
“THE COURT: Do you understand that?
“MR. SLATE: Yes, sir.
“THE COURT: And does your client understand it?
“MR. SLATE: Yes, sir.
“THE COURT: In the case of a felony possession of a pistol, do you have anything to say why the sentence should not be imposed?
“DEFENDANT: No, sir.
“THE COURT: I sentence you to the penitentiary for a period of two years. In the case of burglary in the third degree, do you have anything to say why sentence should not be imposed?
“DEFENDANT: No, sir.
“THE COURT: Did you all recommend ten years?
“MR. MADISON: Ten years. Not ten years and a day.
“THE COURT: I will sentence you to the penitentiary for ten years, and I order that these two sentences run concurrently.
“MR. SLATE: Would the Court note our application for consideration as a probationer?
“THE COURT: All right. I will note the application for probation. You are excused. Be back on the 4th day of March at 9:00 o’clock for the probation hearing.”
Thereafter, the proceeding was recessed until March 4, 1983, at which time a hearing was conducted on whether or not the appellant should be placed on probation. At this time, the appellant took the stand and testified, and his prior record as a juvenile was placed in evidence which showed that he had been incarcerated at the Boys’ Industrial School for approximately four and one-half years; that he had escaped from there and some larceny charges had been placed against him for taking an automobile and returning to Decatur, Alabama.
His personal situation and family situation were then discussed with him. The court then entered the following: (R. 14-15)
“THE COURT: I will sentence you to the State Penitentiary for ten years in each of the cases and order them to run concurrently with each other. Now, on the question of probation, I don’t have enough information other than the statement of the defendant to—
“MR. MADISON: Your Honor, before — I think the recommendation was two years on the first case. It only carries up to five years. That felony possession is a one to five sentence range, and I believe the recommendation was ten years in CC80-0597 and two years in 0596.
“THE COURT: The 0597 was the burglary?
“MR. MADISON: Yes, sir. Ten years on that and two years on the other one.
“THE COURT: All right, its two years then. In other words, it means the same as ten years anyway. To correct the record, show the sentence is two years in *888 the felony possession of a pistol case. It runs concurrently also with the other case. I don’t have any information that would lead me, other than the statement of the defendant, to grant probation in this case, and in view of the fact that he possessed a sawed-off shotgun while burglarizing something, it’s very, very dangerous, and it was fired one time. I don’t know whether it was at someone or to scare somebody or what. I believe I must leave it in the hands of the Parole Board rather than probation, and it will have to be denied.”
As may be seen in the foregoing collo-quys, the appellant was fully advised of his constitutional rights and voluntarily and intelligently entered his two pleas of guilty. The State made a specific recommendation to the trial judge which was accepted and the appellant duly sentenced in accordance with this recommendation. No error appears.
A hearing followed on the question of probation and, as indicated above, the trial judge denied same based upon the evidence and charge against the appellant. The appellant had here been fully informed of all of his rights, was given a full and impartial hearing after his counsel had gone over each matter with him, and his rights carefully observed. No error appears.
This case is due to be and the same is hereby affirmed.
OPINION EXTENDED; APPLICATION OVERRULED; AFFIRMED.
All the Judges concur.